**Opinion filed December 4, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00152-CR

_____

## DEREK KASHIF PRICE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 432nd District Court**

**Tarrant County, Texas[1]**

**Trial Court Cause No. 1785443**

## M E M O R A N D U M   O P I N I O N

Appellant, Derek Kashif Price, was convicted by a jury of aggravated assault with a deadly weapon, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West Supp. 2024). The jury found the habitual offender enhancement allegation to be "true," and assessed Appellant's punishment at imprisonment for

---

[1]This appeal was transferred to this court from the Second Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West Supp. 2024). We decide this case in accordance with the precedent of the Second Court of Appeals under the principles of stare decisis. TEX. R. APP. P. 41.3.

fifty years in the Institutional Division of the Texas Department of Criminal Justice. Having found no arguable issues to present on appeal after an independent review of the record, we affirm. *See Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008).

During the guilt phase of trial, the State presented the testimony of six witnesses. In March 2023, Appellant was a student at an automotive repair technical college where the victim, Thomas Felgar, was an instructor and education supervisor. On the afternoon of March 22, Appellant got into a dispute with his instructors over bringing his personal vehicle into the mechanic shop area. When Felgar told Appellant to remove his vehicle, Appellant punched Felgar, knocked him unconscious, and he fell to the floor. Appellant then grabbed a twenty-pound steel alignment ramp, launched himself into the air, and came down ramp-first onto Felgar's head and chest. Appellant body slammed Felgar with the ramp again before he was tackled by another student; other students tried to keep Felgar alive until paramedics arrived. Felgar spent the following month in the hospital, endured multiple procedures to repair his facial injuries, and has lasting physical and neurological effects from the assault. The jury reviewed photographs, medical records showing the extent of Felgar's injuries, and a cell phone video of Appellant jumping onto Felgar's unconscious body with the ramp.

After the State rested its case-in-chief, Appellant testified. He admitted that he punched Felgar, who then "flew backward." "[E]nraged and resentful," he grabbed the ramp and jumped on Felgar twice. According to Appellant, Felgar had "just tried to make [his] engine bay explode," so he was "forced to stop a[n] explosion." The jury deliberated for fifteen minutes before finding Appellant guilty.

During the punishment phase, the State introduced judgments for Appellant's robbery convictions, presented the testimony of Felgar's wife, then the jury again heard from Appellant. The jury found the habitual offender enhancement allegation

2

to be "true," and assessed a fifty-year term of imprisonment.  *See* PENAL § 12.42 (West 2019).  The trial court sentenced Appellant accordingly.

Appellant's court-appointed counsel has filed a motion to withdraw and supporting brief in which he assures this court that, after conducting a professional evaluation of the record and applicable law, there are no arguable issues to present on appeal.[2]  *See Anders*, 386 U.S. 738; *Schulman*, 252 S.W.3d at 406–09.  Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, and an explanatory letter.  Counsel also advised Appellant of his right to review the record and file a response to counsel's brief, and of his right to file a petition for discretionary review.  *See* TEX. R. APP. P. 68.  Although counsel mailed Appellant a disc that purportedly contained the clerk's record and reporter's record, Appellant is incarcerated and therefore unable to receive an electronic copy of the appellate record.

Because appointed counsel bears the primary responsibility for ensuring an appellant's access to the record, we repeatedly directed counsel to provide Appellant with a record he can fully examine.  *See, e.g.*, *Pitchford v. State*, No. 07-05-00254-CR, 2006 WL 1587153, at *1 (Tex. App.—Amarillo June 9, 2006, order). It is important that he "facilitate the process of actuating his client's right to review the

---

[2]Appellate counsel's brief contains no specific facts, no legal analysis or citations to controlling authority, and incomplete or incorrect citations to the record.  It therefore fails to demonstrate that counsel conducted "a conscientious and thorough review of the law and facts" as he claims and, as appellate counsel, is required of him.  *Kelly v. State*, 436 S.W.3d 313, 318 (Tex. Crim. App. 2014); *see also Schulman*, 252 S.W.3d at 407–08 (The *Anders* brief provides appellate courts "with a roadmap for their review of the record because the court itself must be assured that the attorney has made a legally correct determination that the appeal is frivolous.").  Generally, neither we nor our sister courts accept such boilerplate, inadequate briefs that fall below legal and professional standards.  *See Limauro v. State*, 675 S.W.3d 368, 375 (Tex. App.—Dallas 2023, no pet.); *In re N.F.M.*, 582 S.W.3d 539, 546 (Tex. App.—San Antonio 2018, no pet.) (en banc) ("[C]ounsel's brief does not explain why counsel has concluded the issue is frivolous . . . in a way that allows appellant—without the assistance of a lawyer—to understand why [his] lawyer is not advocating on [his] behalf, to evaluate counsel's position, and to have a starting point to decide whether to file a *pro se* brief.").  However, Appellant's pro se filings reveal that he has reviewed the record and had the opportunity to advocate on his own behalf, and our independent review revealed no arguable issues. We thus affirm notwithstanding the deficient briefing provided.

appellate record." *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *see also Schulman*, 252 S.W.3d at 409–12; and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991). To avoid further delay, we abated this appeal and the clerk of this court prepared and mailed a duplicate reporter's record and clerk's record to Appellant to use in preparing his response to counsel's *Anders* brief.

Appellant filed a pro se response to counsel's *Anders* brief in which he contests the accuracy of the record. In addressing an *Anders* brief and a pro se response, a court of appeals may only determine whether: (1) the appeal is wholly frivolous and, if so, issue an opinion explaining that it has independently reviewed the record and finds no reversible error; or (2) arguable grounds for appeal exist and, if so, remand the cause to the trial court to appoint new appellate counsel to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, the brief, and Appellant's response, and conclude that the appeal is without merit.[3]

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.

W. BRUCE WILLIAMS
JUSTICE

December 4, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[3]Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

4